IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

JUANITA HOLMES                          *
5500 Lexington Road
Gwynn Oak, Maryland 21207               *

       Plaintiff                   *

      v.                            *

LVNV FUNDING, LLC                       *
1209 Orange Street
Wilmington, Delaware 19801
                                        *

SERVE ON:                               *

     THE CORPORATION TRUST
       COMPANY                    *
     Resident Agent
     300 E. Lombard Street           *
     Baltimore, Maryland 21202
                                        *

  and                               *

MANN BRACKEN, LLP                       *
1209 Orange Street
Wilmington, Delaware 19801              *

SERVE ON:                               *

     THE CORPORATION TRUST
       COMPANY                    *
     Resident Agent
     300 E. Lombard Street           *
     Baltimore, Maryland 21202
                                        *

      Defendants
*     *     *     *     *     *     *     *     *     *     *     *

## VERIFIED COMPLAINT AND JURY DEMAND

Plaintiff Juanita Holmes, an individual consumer, hereby files this Complaint against Defendants LVNV Funding, LLC, Assignee of Sherman Acquisition, Assignee of Sears ("LVNV") and the Law Firm of Mann Bracken, LLP ("Mann Bracken") for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA"), and states as follows:

### PARTIES

1.      Plaintiff is a natural person, residing in Gwynn Oak, Baltimore County, Maryland.

2.      Upon information and belief, Defendant LVNV is a collection agency with its principal place of business at 1209 Orange Street, Wilmington, Delaware 19801.

3.      Upon information and belief, Defendant Mann Bracken is a law firm in the practice of debt collection with its principal place of business at 1209 Orange Street, Wilmington, Delaware 19801.

4.      Defendants are engaged in the collection of debts from consumers using the mail and telephone.  Defendants regularly attempt to collect consumer debts alleged to be due to another.  Defendants are "debt collectors" as defined by the FDCPA, 15 U.S.C. § 1692a(6).

### JURISDICTION AND VENUE

5.      Jurisdiction of this court arises under 15 U.S.C. §1692k(d) and 28 U.S.C. § 1331, and pursuant to 28 U.S.C. § 1367 for pendent state law claims.

6.      Plaintiff's Federal and State Law claims against the Defendants derive from a common focus of operative fact and are of such character that Plaintiff would

ordinarily be expected to try them in one judicial proceeding. Consequently, this court has pendent jurisdiction over Plaintiff's State law claims against the Defendants.

7.      Venue is proper pursuant to 28 U.S.C. §1391 because a substantial part of the events giving rise to the action occurred and Defendants conduct business in the State of Maryland.

## GENERAL ALLEGATIONS

8.      On or around November 1, 1992, Plaintiff opened an account with Sears (the "Account"). The Account was primarily for personal, family or household purposes and, thus, is a "debt" as that term is defined by 15 U.S.C. § 1692a(5), namely a credit card account, which was used by Plaintiff to purchase food, clothing, and other consumer-related items.

9.      Sometime thereafter, the alleged debt under the Account was consigned, placed or otherwise transferred to Defendants for collection from Plaintiffs.

10.     Although Plaintiff cannot recall the exact time that she stopped using the Account, it would have been over ten-years ago.

11.     Despite the fact that any debt owed by Plaintiff would have been long ago barred by the Maryland statute of limitations, in or around December 2008, LVNV began a campaign of harassing telephone calls to Plaintiff.

12.     LVNV's repeated phone calls to Plaintiff's home caused her to suffer severe and intense emotional distress.

13.     On or about October 23, 2008, LVNV caused Defendant Mann Bracken to file a lawsuit against Plaintiff in the District Court of Maryland for Baltimore County, Case No. 0804-0038894-2008 (the "Collection Lawsuit").

14.    After they filed their Collection Lawsuit, Defendants caused a sheriff to serve Ms. Holmes with their Complaint and Summons at her home.  Seeing the sheriff at her door with papers caused Ms. Holmes to suffer severe and intense emotional distress because the presence of the sheriff reminded her of having a police officer come to her door after her daughter was murdered.

15.    Defendants claim that, prior to filing their Collection Lawsuit, Mann Bracken sent an initial demand letter as required by the FDCPA.  Plaintiff has never seen such letter and, when asked to produce it, Defendants failed to do so.  Thus, upon information and belief, Defendants failed to provide necessary disclosures under the FDCPA, 15 U.S.C. § 1692g.

16.    On March 15, 2009, undersigned counsel filed an appearance on behalf of Plaintiff in the Collection Lawsuit.  At that time, he wrote Mann Bracken, requesting "verification of Ms. Holmes's debt, including, but not limited to an itemized accounting of any debt you claim she owes." A copy of that letter is attached hereto as Exhibit 1.

17.    On March 27, 2009, Mann Bracken wrote a letter in which agreed to dismiss the Collection Lawsuit with prejudice, but failed to provide any additional documentation of Ms. Holmes' debt.  A copy of that letter is attached hereto as Exhibit 2.

18.    On April 1, 2009, Plaintiff's counsel wrote another letter to Mann Bracken, again requesting the documentation that Defendants claimed to have to show that they had not violated the FDCPA, a copy of which is attached hereto as Exhibit 3.

19.    On April 15, 2009, Defendants once again failed to provide any documentation that would show that they had not violated the FDCPA, instead sending an unresponsive letter, which is attached hereto as Exhibit 4.

20.     On April 17, 2009, Plaintiff's counsel telephoned Mann Bracken to see if they would simply send the documents he was requesting.  Mann Bracken informed him that the firm no longer represented LVNV and, thus, would not be providing any further documentation related to Plaintiff's alleged debt.

21.     After this conversation, Plaintiff's counsel sent an email to Mann Bracken memorializing the fact that the firm had stated that it no longer represented LVNV in the Collection Lawsuit and, thus, he would be contacting LVNV directly about the missing documentation.

22.     Mann Bracken responded to Plaintiff's counsel email via a return email, stating, "I have not authorized you to contact the client with respect to this account."

23.     Due to Mann Bracken's sudden change in position, Plaintiff's counsel responded as follows:

> You either represent LVNV or you do not.  The fact that you are now referring to the company again as the "client" leads me to believe that you continue to represent it.  Consequently, I am repeating my request to you that you provide me with whatever evidence your client has that it did not violate section 808 of the Fair Debt Collection Practices Act.  If I do not receive sufficient evidence in that regard by next Wednesday, April 22, 2009, I intend to file a federal lawsuit.

A copy of this email chain is attached hereto as Exhibit 5.

24.     To-date, Defendants have failed to provide a copy of the initial demand they claim to have sent or verification of the alleged debt by which one could reasonably determine they did not purposefully attempt to collect upon a debt barred by the statute of limitations.

## COUNT ONE

### Violations of 15 U.S.C. § 1692, *et seq.*

25.     Plaintiffs re-allege and incorporate by reference paragraphs 1 through 24 as paragraphs 1 through 24 of Count One as if fully set forth herein

26.     As described herein, Defendants actions violated the FDCPA.

27.     As a result of Defendants' violations of the FDCPA, Plaintiff has suffered damages.

WHEREFORE, Plaintiff respectfully requests that this Court:

(1)     Award actual damages to be established at trial pursuant to 15 U.S.C. §1692k(a)(1);

(2)     Award statutory damages in the amount not to exceed $1,000.00 in accordance with 15 U.S.C. §1692k (a)(2);

(3)     Award Plaintiffs costs and reasonable attorneys' fees in accordance with 15 U.S.C. § 1692k (a)(3)); and

(4)     Award such other relief as this Court deems appropriate.

## COUNT TWO

### Violations of 15 U.S.C. § 1681, *et seq.*

28.     Plaintiffs re-allege and incorporate by reference paragraphs 1 through 27 of Count One as paragraphs 1 through 27 of Count Two as if fully set forth herein.

29.     Defendants regularly and in the course of business, furnishes information to one or more consumer reporting agencies about its transactions or experiences with any consumer.

30.     Defendants reported inaccurate information to Credit Reporting Agencies.

31.     Plaintiffs disputed this information.

32.     Defendants did not notify Plaintiffs at any time that the dispute was considered frivolous or irrelevant, or that Plaintiffs had failed to provide sufficient information to investigate the disputed information.

33.     Upon information and belief, Defendants failed to review all relevant information provided by the consumer reporting agencies, pursuant to 15 U.S.C. § 1681i (a)(2), and as required by 15 U.S.C. § 1681s-2(b)(1)(B).

34.     Defendants failed to adequately conduct an investigation with respect to the disputed information, as required by 15 U.S.C. § 1681s-2(b)(1) after the Plaintiff's notice of dispute was received.

35.     Defendants failed to report the results of the investigation findings to the consumer reporting agencies that the information provided by such person was incomplete or inaccurate, as required by 15 U.S.C. § 1681s-2(b)(1)(D).

36.     Defendants failed to report the results of the investigation to the consumer reporting agencies, as required 15 U.S.C. § 1681s-2(b)(1)(C).

37.     Defendants' failure to conduct a reasonable investigation into Plaintiff's account and failure to provide any evidence to support their claims that Plaintiff owed them a debt is evidence of willful noncompliance on the part of Defendants.

38.     As a result of Defendants' misconduct, Plaintiff suffered damages.

WHEREFORE, Plaintiff respectfully requests that this Court:

(1)     Award actual damages to be established at trial pursuant to 15 U.S.C. §1681n (a)(1)(A) and/or § 15 U.S.C. § 1681o (a)(1);

(2)     Award punitive damages in the amount not to exceed $10,000.00 in accordance with 15 U.S.C. §1681n (a)(2);

(3)   Award Plaintiffs costs and reasonable attorneys' fees in accordance with 15 U.S.C. § 1681n (a)(3)); and

(4)   Award such other relief as this Court deems appropriate.


## COUNT THREE

### Violations of MD Code, Comm. Law § 14-201, *et seq.*

1.   Plaintiffs re-allege and incorporate by reference paragraphs 1 through 32 of Count One as paragraphs 1 through 32 of Count Three as if fully set forth herein.

2.   Defendant is a "collector" as defined by MD Code, Comm. Law § 14-201(b).

3.   This matter involves a "consumer transaction" as defined by MD Code, Comm. Law § 14-201(c).

4.   Defendant claimed, attempted or threatened to enforce a right with knowledge that the right did not exist in violation of MD Code, Comm. Law § 14-202(8).

5.   As a result of Defendant's misconduct, Plaintiffs suffered damages.


WHEREFORE, Plaintiffs respectfully request that this Court:

(1)   Award actual damages to be established at trial pursuant to MD Code, Commercial Law §14-203; and

(2)   Award such other relief as this Court deems appropriate.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury of this action.

Respectfully submitted,

Ian I. Berlage (02397)
Gohn, Hankey & Stichel, LLP
201 N. Charles Street, Suite 2101
Baltimore, Maryland 21201
(410) 752-9300

Attorney for Plaintiff

## VERIFICATION

I, Juanita Holmes, herby certify that the facts contained in the foregoing

Complaint are true and accurate to the best of my knowledge, information and belief.

Juanita Holmes